UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **KENNETH DILLON,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**JACOB LAW GROUP, PLLC and LVNV FUNDING, LLC,**<br><br>          **Defendants.** | C.A. No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kenneth Dillon, by and through the undersigned counsel, complains, states, and alleges against defendants Jacob Law Group, PLLC and LVNV Funding, LLC, as follows:

## INTRODUCTION

1.   This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.   In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3.   Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.*, § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*, § 1692k.

4. In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that she was actually confused or misled. See *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.").

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

## JURISDICTION AND VENUE

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).

7. This court has jurisdiction over defendants Jacob Law Group, PLLC and LVNV Funding, LLC because a substantial part of the conduct complained of herein occurred in this Judicial District.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a defendant LVNV Funding, LLC resides in this Judicial District and a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

9. Plaintiff Kenneth Dillon ("Plaintiff") is a natural person who is a citizen of the State

of Mississippi, residing in Carson, Mississippi.

10. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11. Defendant Jacob Law Group, PLLC ("JLG") is a company existing under the laws of the State of Mississippi, with its principal place of business in Oxford, Mississippi.

12. JLG regularly collects or attempts to collect debts asserted to be owed to others.

13. JLG is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. The principal purpose of JLG's business is the collection of such debts.

15. JLG uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

16. JLG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Defendant LVNV Funding, LLC ("LVNV") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

18. LVNV has transacted business within this state as is more fully set forth hereinafter in this Complaint.

19. LVNV regularly collects or attempts to collect debts asserted to be owed to others.

20. LVNV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

21. The principal purpose of LVNV's business is the collection of such debts.

22. LVNV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

23. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

24. JLG and LVNV are hereinafter collectively referred to as the "Defendants."

25. The acts of the Defendants as described in this Complaint were performed by the Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

26. Defendants allege Plaintiff owes a debt to LVNV Funding, LLC for a personal Fingerhut credit account with previously owed to WebBank ("WebBank").

27. Plaintiff retained counsel to assist Plaintiff with the WebBank debt, and on October 29, 2020, then again on November 30, 2020, Plaintiff's counsel, The Fair Credit Law Group, LLC, notified Fingerhut Credit Account Services, the servicer for Plaintiff's alleged account, of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

28. Sometime thereafter, the alleged debt was allegedly sold, transferred, and/or assigned to LVNV for purposes of collection.

29. It is standard practice for a creditor to inform downstream entities of attorney representations and cease and desists.

30. Defendants allege LVNV is the current creditor of the alleged debt.

31. Upon information and belief, LVNV was notified of Plaintiff's attorney's representation in the sale file(s).

32. Upon information and belief, LVNV was notified of the cease and desist demand in the sale file(s).

33. Thereafter, LVNV placed, transferred, and/or assigned the alleged debt to JLG for purposes of collection on behalf of LVNV.

34. Upon information and belief, JLG was notified of Plaintiff's attorney's representation either in the placement file(s) or via the client portal LVNV provides the debt collectors it retains to collect debts on its behalf.

35. Upon information and belief, JLG was notified of Plaintiff's cease and desist either in the placement file(s) or via the client portal LVNV provides the debt collectors it retains to collect debts on its behalf.

36. In spite of Plaintiff's counsel's representation, JLG sent a letter directly to Plaintiff on behalf of LVNV, dated December 9, 2022.

37. In fact, Defendants have a pattern and practice of contacting consumers directly who are represented by counsel.

38. In spite of Plaintiff's cease and desist, JLG sent a letter directly to Plaintiff on behalf of LVNV, dated December 9, 2022.

39. In fact, Defendants have a pattern and practice of contacting consumers who have previously provided a written cease and desist from further communication.

40. Alternatively, if JLG did not receive notice of Plaintiff's attorney's representation and/or cease and desist when LVNV transferred, assigned, or placed the debt with JLG for purposes of collection on behalf of LVNV and did not have access to Plaintiff's attorney's representation and/or cease and desist via LVNV's client portal it provides to its debt collectors, then JLG intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with LVNV prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

41. The letter alleged that Plaintiff no longer owed money to WebBank, but now owed

$2,336.00 to LVNV.

42. However, Plaintiff was never indebted to LVNV, and was never indebted to LVNV for $2,336.00.

43. According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year. LVNV and its related companies are at the top for the entire country in terms of the volume of such complaints.

44. LVNV is a shell company. LVNV has no employees. LVNV has no collection agreements. Instead, along with at least a dozen other shell companies including Pinnacle Credit Services, Resurgent Funding, CACH, Ashley Funding Services, PYOD, Resurgent Receivables, and Sherman Originator, LVNV is controlled by Resurgent Capital Services ("Resurgent Capital"). Employees of Resurgent Capital act as unpaid "representatives" of LVNV and the other shell companies through what the employees believe is a "limited power of attorney." These "representatives" receive no training whatsoever concerning the shell companies' business and are often unaware of whether at a given time they are acting as an employee of Resurgent Capital, a representative of one of the shell companies, or both.

45. Through the shell companies, Resurgent Capital purchases large portfolios of charged-off consumer debt from banks for pennies on the dollar. Such portfolios rarely include account-level documentation, such as credit agreement signed by consumers, providing competent proof that the consumers actually owe the amount attributed to each consumer.

46. At the exact same time that the portfolio is purchased, the shell companies literally simultaneously "sell" the portfolios to each other using a bogus document entitled "Transfer and

Assignment." The Transfer and Assignment documents, used and reused over multiple years, appear at first glance to be legitimately hand-signed agreements between the shell companies. However, a closer examination reveals that the documents are "robo-signed," with identical facsimile signatures used on many documents spanning multiple years. The signatures are printed in different colors in an attempt to make the observer believe they are legitimate hand-signed documents. They are not. These "purchases" are bogus, meant only to confuse consumers as to whom they may owe money and to insulate Resurgent Capital, rather than bona fide, arm's length transactions.

47. Nevertheless, based on these bogus agreements, LVNV and the other shell companies flood Delaware State Courts, and other courts around the country, with tens of thousands of lawsuits claiming consumers owe them money.

48. This is the same tortured process that Plaintiff's account with WebBank endured. Upon information and belief, one of the shell companies, most likely Sherman Originator, "purchased" a large portfolio of charged-off consumer debt from WebBank for pennies on the dollar. Such portfolio presumably included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff for the amount sought. Sherman Originator then, at the exact same time, "transferred, sold, assigned, conveyed granted and delivered" the portfolio to another shell company. Then, again at the exact same time, that shell company, in turn "transferred, sold, assigned, conveyed granted and delivered" the portfolio to the instant shell company, LVNV. These "transactions" are all supposedly documented through the sham robo-signed "Transfer and Assignment" document.

49. Indeed, Plaintiff was never indebted to LVNV for $2,336.00 and LVNV never extended credit to Plaintiff for $2,336.00.

50. Plaintiff was never involved in any transaction with LVNV for $2,336.00 and never entered into any contract with LVNV for the payment of $2,336.00.

51. Upon information and belief, JLG does not possess competent proof that Plaintiff owes $2,336.00 to LVNV.

52. Upon information and belief, LVNV does not possess competent proof that Plaintiff owes it $2,336.00.

53. Upon information and belief, JLG does not possess any credit agreement between Plaintiff and LVNV for $2,336.00.

54. Upon information and belief, LVNV does not possess any credit agreement between it and Plaintiff for $2,336.00.

55. Upon information and belief, JLG does not possess competent proof that Plaintiff agreed to pay $2,336.00 to LVNV.

56. Upon information and belief, LVNV does not possess competent proof that Plaintiff agreed to pay it $2,336.00.

57. Upon information and belief, JLG does not possess any competent proof that Plaintiff is obligated to pay $2,336.00 to LVNV.

58. Upon information and belief, LVNV does not possess any competent proof that Plaintiff is obligated to pay it $2,336.00.

59. Upon information and belief, JLG does not possess any competent proof that $2,336.00 was ever owed by Plaintiff to LVNV.

60. Upon information and belief, LVNV does not possess any competent proof that $2,336.00 was ever owed to it by Plaintiff.

61. Upon information and belief, JLG does not possess any competent proof that

Plaintiff owed $2,336.00 at the time LVNV purchased the portfolio of debt.

62. Upon information and belief, LVNV does not possess any competent proof that Plaintiff owed $2,336.00 at the time LVNV purchased the portfolio of debt.

63. JLG holds no legal right, title or interest in $2,336.00 owed by Plaintiff.

64. LVNV holds no legal right, title or interest in $2,336.00 owed by Plaintiff.

65. Nevertheless, in its efforts to collect the money, LVNV hired or otherwise retained JLG for the purposes of collecting the money from Plaintiff.

66. As part of its utilization of JLG, LVNV conveyed information concerning Plaintiff and the alleged debt to JLG by electronic means.

67. The information conveyed by LVNV to JLG, which, upon information and belief, was viewed by employees of JLG, contained Plaintiff's personal and private information including personal identifying data, among other things.

68. Then, JLG decided to contact Plaintiff via written correspondence in an attempt to collect the alleged debt on behalf of LVNV.

69. The letter, dated December 9, 2022, was received and read by Plaintiff.

70. The letter was the initial written communication Plaintiff received from JLG for the alleged debt.

71. The letter stated, "We are trying to collect a debt that you owe to LVNV Funding, LLC."

72. Upon information and belief, JLG does not perform any review of the alleged sale documents or investigation into consumers' accounts to determine if in fact Plaintiff actually owed the alleged debt to LVNV.

73. In fact, Plaintiff does not owe LVNV the money JLG was attempting to collect

9

from Plaintiff.

74. JLG's statement that Plaintiff owed the alleged debt to LVNV is false, misleading and/or deceptive.

75. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

76. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

77. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

78. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

79. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

80. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

81. A favorable decision herein would serve to deter Defendants from further similar conduct.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692c(b) and 1692f

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. The Plaintiff is a "consumer" as that term defined by the FDCPA.

84. JLG is a "debt collector" as that term is defined by the FDCPA.

85. LVNV is a "debt collector" as that term is defined by the FDCPA.

86. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

87. The letter is a "communication" as that term is defined by the FDCPA.

88. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

89. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

90. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

91. LVNV's conveyance of Plaintiff's personal and private information to JLG is a "communication" as that term is defined by the FDCPA.

92. Plaintiff never consented to LVNV's communication with the third-party vendor concerning the alleged debt.

93. Plaintiff never consented to LVNV's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

94. Plaintiff never consented to LVNV's communication with JLG concerning Plaintiff's personal and/or confidential information.

95. Plaintiff never consented to LVNV's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

96. Upon information and belief, LVNV has utilized a third-party vendor for these purposes thousands of times.

97. LVNV utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

98. LVNV utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

99. LVNV utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from LVNV's unauthorized disclosure of such private and sensitive information.

100. LVNV utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

101. LVNV utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

102. LVNV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendor.

103. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

104. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

105. LVNV disclosed Plaintiff's private and sensitive information to the third-party vendor.

106. LVNV violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

107. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

108. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

109. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

110. A violation of Section 1692c(b) is an invasion of privacy.

111. As described herein, LVNV violated Section 1692c(b).

112. As described herein, LVNV invaded Plaintiff's privacy.

113. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

114. A violation of Section 1692c(b) is a public disclosure of private facts.

115. As described herein, LVNV violated Section 1692c(b).

116. As described herein, LVNV publicly disclosed Plaintiff's private facts.

117. For the foregoing reasons, LVNV violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)

118. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

119. The Plaintiff is a "consumer" as that term defined by the FDCPA.

120. JLG is a "debt collector" as that term is defined by the FDCPA.

121. LVNV is a "debt collector" as that term is defined by the FDCPA.

122. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

123. The letter is a "communication" as that term is defined by the FDCPA.

124. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

125. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

126. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

127. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

128. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

129. As previously stated, Plaintiff did not owe the amount JLG alleges is owed to LVNV by Plaintiff.

130. As such, JLG did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

131. JLG's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

132. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

133. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

134. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

135. As set forth above, Plaintiff did not owe money to LVNV.

136. As such, JLG did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

137. JLG's statement that LVNV was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to LVNV, violates 15 U.S.C. § 1692g(a)(2).

138. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and are liable to Plaintiff therefor.

## THIRD COUNT
## Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)

139. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

140. The Plaintiff is a "consumer" as that term defined by the FDCPA.

141. JLG is a "debt collector" as that term is defined by the FDCPA.

142. LVNV is a "debt collector" as that term is defined by the FDCPA.

143. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

144. The letter is a "communication" as that term is defined by the FDCPA.

145. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

146. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

147. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

148. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

149. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

150. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

151. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

152. As previously stated in this Complaint, Plaintiff did not owe the amount JLG alleged is owed to LVNV by Plaintiff.

153. Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

154. Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

155. Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

156. Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10)

157. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

## FOURTH COUNT
## Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

158. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

159. The Plaintiff is a "consumer" as that term defined by the FDCPA.

160. JLG is a "debt collector" as that term is defined by the FDCPA.

161. LVNV is a "debt collector" as that term is defined by the FDCPA.

162. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

163. The letter is a "communication" as that term is defined by the FDCPA.

164. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

165. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

166. The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendants knew that Plaintiff was represented by counsel regarding the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

167. 15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

168. The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendants knew that Plaintiff previously provided a written cease and desist from further communication directly, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

169. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and are therefore liable to Plaintiff.

## JURY DEMAND

170. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

 a. Finding JLG's actions violate the FDCPA; and

 b. Finding LVNV's actions violate the FDCPA; and

 c. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

 d. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

 e. Awarding the costs of this action to Plaintiff; and

 f. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

 g. Such other and further relief that the Court determines is just and proper.

Dated: May 5, 2023

                                    **GARIBIAN LAW OFFICES, P.C.**

                                    */s/ Antranig Garibian*
By:   Antranig Garibian, Esq. (DE Bar 4962)
        Brandywine Plaza East
        1523 Concord Pike, Suite 400
        Wilmington, DE 19803
        (302) 722-6885
        ag@garibianlaw.com
        *Attorneys for Plaintiff, Kenneth Dillon*